IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CATHERINE FERGUSON, personally and as the Executrix of the Estate of ROBERT E. FERGUSON | : : : : | MDL 875 |
| v. | : : | EDPA CIVIL NO. |
| LORILLARD TOBACCO COMPANY, . INC., et al. | : | 07-~~64~~104   09-91161 |

**MEMORANDUM AND ORDER**

ELIZABETH T. HEY
UNITED STATES MAGISTRATE JUDGE                                             November 22, 2011

    Lorillard Tobacco Company ("Lorillard"), a defendant in this asbestos action, has filed a Motion to Compel Discovery from Plaintiff. See Doc. 212. The motion asks the court to require Plaintiff to disclose and provide documents relating to other claims submitted by Plaintiff to recover compensation for asbestos-related injuries, including claims submitted to bankruptcy trusts. Plaintiff opposes the motion, arguing that Lorillard seeks confidential settlement information and that compliance would violate orders of the bankruptcy courts overseeing the trusts. See Doc. 244. Lorillard submitted a reply brief in support of its motion. See Doc. 252. Following referral of the matter to the undersigned by the Honorable Eduardo C. Robreno, see MDL 875 Doc. 8216, I held a telephone conference with counsel on the motion, and permitted counsel to submit supplemental briefing. Plaintiff has done so. See Doc. 254.

    I have addressed the issues presented by the motion in the context of other asbestos matters within the MDL, and concluded that although settlement discussions and offers of

compromise are not discoverable, a defendant is entitled to discover claims to recover for asbestos-related injuries that a plaintiff has submitted. Compare Allison v. Goodyear Tire & Rubber Co., MDL 875, No. 07-69104, 2010 WL 3384723 (E.D. Pa. Aug. 19, 2010) (denying motion to compel seeking allegations of asbestos exposure contained in settlement releases); Dent v. Westinghouse, MDL 875, No. 08-83111, 2010 WL 56054 (Jan. 4, 2010) (denying motion to compel seeking information regarding settlement of any claim asserted in complaint) with Sheperd v. Pneumo-Abex, LLC, MDL 875, No. 09-91428, 2010 WL 3431633 (E.D. Pa. Aug. 30, 2010) (granting motion to compel seeking claims submitted to bankruptcy trusts but requiring redaction of offers of compromise and settlement amounts). These decisions drew on a line of cases concluding that a claim submitted to a bankruptcy trust is more akin to a complaint than to an offer of compromise. See Lyman v. Union Carbide Corp., MDL 875, No. 09-62999, 2009 WL 6869437 (E.D. Pa. Sept. 18, 2009); Volkswagen of Am., Inc. v. Superior Court, 139 C. App. 4th 1481 (Cal. Ct. App. 2006); Seariver Maritime, Inc. v. Superior Court, No. A113235, 2006 WL 2105431 (Cal. App. 1 Dist. July 28, 2006). Plaintiff has not submitted any argument or new authority challenging this basic premise, and these cases defeat Plaintiff's primary argument that seek to characterize the motion as seeking confidential settlement information.

Plaintiff's secondary argument is that production of the requested discovery would require Plaintiff to violate orders issued by federal bankruptcy and district courts

establishing settlement trusts. Without stating whether claims have been submitted to any bankruptcy trusts or to which trusts, Plaintiff offers as an example the Babcock & Wilcox Bankruptcy Trust established in the Bankruptcy Court for the Eastern District of Louisiana, No. 00-010992. See Doc. 244 at 5 & Exh. 2. Plaintiff relies on the confidentiality provision contained in section 6.5, which states as follows in pertinent part:

> **Confidentiality of Claimants' Submissions.** All submissions to the PI Trust by a holder of a PI Trust Claim or a proof of claim form and materials related thereto shall be treated as made in the course of settlement discussions between the holder of the PI Trust, and intended by the parties to be confidential and to be protected by all applicable state and federal privileges, including but not linmited to those directly applicable to settlement discussions. The PI Trust will preserve the confidentiality of such claimant submissions, and shall disclose the contents thereof only with the permission of the holder, to another trust established for the benefit of asbestos personal injury claimants pursuant to . . . the Bankruptcy Code or other applicable law, to such other persons as authorized by the holder, or in response to a valid subpoena of such materials issued by the Bankruptcy Court.

Lorillard argues that Plaintiff ignores the language authorizing the holder of a claim to disclose the contents of the claim. See Doc. 252 at 4-5.

I conclude that Plaintiff has not established that its compliance with the requested discovery will violate the terms of a bankruptcy trust. First of all, Plaintiff has not even identified the Babcock & Wilcox Trust as one to which a claim was submitted on Plaintiff's behalf. Even so, Plaintiff has not established that its production of such a

3

claim would violate the quoted language, in that Plaintiff as the holder will be producing the claim as part of civil discovery required in Plaintiff's own asbestos action. Moreover, to the extent the claim contains a statement of a settlement amount or an offer of compromise, Plaintiff will be permitted to redact such information prior to producing it to Lorillard.

Finally, Plaintiff asserts that in 2009 the Ohio 8th District Court of Appeals, which is the district from which this case was removed to federal court and thereafter transferred to MDL 875, issued a decision contrary to Lorillard's request in a case called <u>Werts v. Goodyear Tire & Rubber Co.</u>, 2009-Ohio-2581. <u>See</u> Doc. 254 at 1-2 & Exh. 1. However, that case decided that the trial court committed error by admitting certain bankruptcy claim forms into evidence at trial. The matter currently before me is a discovery matter, and it is clear that, properly redacted to exclude settlement amounts or offers of compromise, such claims are discoverable.